UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:01-CR-46-01-F
No. 7:04-CV-92-F

| | |
|---|---|
| CRAIG DOCKERY,<br>    Movant, | )<br>)<br>) |
| v. | )     O R D E R |
| UNITED STATES OF AMERICA<br>    Respondent. | )<br>)<br>) |

This matter is before the court for ruling on the Government's Motion to Dismiss or for Summary Judgment [DE-38]. The movant, Craig Dockery ("Dockery") has filed a Response [DE-44] in opposition thereto, and the matter is ripe for disposition.

The only matters remaining in this case Dockery's § 2255 claims (1) that his trial counsel rendered ineffective assistance because, after filing a timely notice of appeal, counsel agreed to dismiss that appeal (claim one), and (2) his guilty plea was involuntarily entered because state law enforcement officers who worked his case later were prosecuted for witness tampering, lying to a grand jury, providing fictitious information to federal officials, and planting evidence (claim four). The court directed the Government to respond to these allegations. *See* Order of May 14, 2004 [DE-33]. The Government did so by filing the instant Motion to Dismiss or for Summary Judgement [DE-38].

In reviewing Dockery's case file again, the court has noticed that one of Dockery's claims in his § 2255 motion was overlooked by the court in entering the May 14, 2004, order. That is, the court did not conduct an initial review of Dockery's claim alleging this court lacked subject matter jurisdiction over his case because the indictment failed to allege an effect on

"interstate commerce." However, the court rules now that this claim entitles Dockery to no relief, as a nexus with interstate commerce is not an element of 21 U.S.C. § 841, and that claim therefore is DENIED and DISMISSED.

## STANDARD OF REVIEW

Summary judgment is appropriate when there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The movant – here, the Government – bears the burden of initially coming forward and demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ; *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985).

When making the summary judgment determination, the court views facts and all reasonable inferences in the light most favorable to the nonmoving party – here, Dockery. *See Anderson*, 477 U.S. at 255. The Government may carry its burden either by presenting affirmative evidence, or by demonstrating that Dockery's evidence is insufficient to establish his claim. *See Celotex Corp.*, 477 U.S. at 331 (Brennan, J., dissenting). Once the Government meets its burden, Dockery then must affirmatively demonstrate that there is a genuine issue of material fact which requires trial. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring Dockery for a jury to return a verdict for it. *See Anderson*, 477 U.S. at 250.

The standard for summary judgment therefore mirrors the standard for judgment as a matter of law under FED.R.CIV.P. 50(a); that is, a trial court must grant a judgment if, under the governing law, there can be but one reasonable conclusion as to the verdict. *See Anderson,* 477 U.S. at 250. A trial judge faced with a summary judgment motion

2

Case 7:01-cr-00046-BO   Document 55   Filed 05/01/06   Page 2 of 7

"must ask himself not whether he thinks the evidence unmistakenly favors one side or the other, but whether a fair- minded jury could return a verdict for the plaintiff on the evidence presented." *Id.* at 252. In opposing summary judgment, the non-moving party must "set forth such facts as would be admissible in evidence." FED. R. CIV. P. 56(e). Inadmissible hearsay is not competent in opposing a motion for summary judgment. *See Greensboro Prof. Fire Fighters Ass'n v. Greensboro,* 64 F.3d 962, 967 (4th Cir. 1995).

## INEFFECTIVE ASSISTANCE CLAIM

As to Dockery's first claim – that his attorney rendered ineffective assistance by agreeing to dismiss the direct appeal – the Government has submitted the affidavit of Dockery's trial attorney which not only explains the circumstances surrounding dismissal of the appeal, but which also attaches a copy of the Motion for Voluntary Dismissal of Appeal, filed in the Fourth Circuit Court of Appeals, and supported by the handwritten statement, "I Craig Dockery withdraw my appeal in this case," signed, "Craig Dockery 4/23/03." Dockery does not address the handwritten statement, except to say that he "took the advice of counsel and signed the dismissal."

In order to prevail on a Sixth Amendment claim based on ineffective assistance of counsel, a petitioner must satisfy the dual standards (or elements) of *Strickland v. Washington*, 466 U.S. 668 (1984). In order to satisfy the first element – deficient performance – a petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Under this standard, an attorney's competence is presumed; "the [petitioner] must rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). The second element of an ineffective

3

assistance claim is prejudice. That is, the petitioner bears the burden on demonstrating that his counsel's unprofessional errors resulted in an unfair or unreliable proceeding. *See Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). If a petitioner cannot demonstrate the requisite prejudice, then a reviewing court need not even consider the performance prong. *See United States v. Rhynes*, 196 F.3d 207, 232 (4th Cir. 1999) (citations omitted), *vacated in part on other grounds on reh'g en banc*, 218 F.3d 310 (4th Cir.), *cert. denied*, 530 U.S. 1222 (2000).

Although Dockery complains about dismissal of his direct appeal, he simply has not suggested any way in which he was prejudiced by his attorney's advice that purportedly resulted in Dockery's withdrawing his appeal. Nor has Dockery suggests any ground upon which such appeal could have been prosecuted. Indeed, he does not take issue with his counsel's statement that "I did not believe he had any good issues to go forward with on appeal. I believe the basis for this position was that Mr. Dockery had pled guilty, and that any issues to be raised would be sentencing issues." *See* West Affidavit, Exhibit A to Government's Memorandum [DE-39]. The conduct about which Dockery complains – his lawyer's advice that he withdraw his appeal because, in counsel's professional opinion, there did not appear to be any meritorious issues for the appellate court to decide – fails either to rebut the presumption of counsel's effectiveness or to show that Dockery can demonstrate that he suffered prejudice. *See Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). Accordingly, Dockery has failed to demonstrate he can produce proof of *both* essential elements of his claim under *Strickland*. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). The Government's Motion for Summary Judgment as to Dockery's first claim – his Sixth Amendment ineffective assistance claim – is ALLOWED, and that claim is DISMISSED.

4

## DUE PROCESS

Dockery's fourth claim is that his guilty plea was unknowingly entered because Government agents used fraudulent and incredible information during his investigation. The court perceives that claim to implicate his Fifth Amendment right to due process. The factual basis for his claim is that certain members of the S.E.T. team – a task force working with the Drug Enforcement Administration – later were arrested and indicted for various federal offenses that allegedly occurred during the 2000-2001 time frame. Dockery contends that because the criminal conduct to which he pled guilty occurred during that same time and in the same geographical area, and also was investigated by members of the S.E.T. team, he is entitled to relief "due to the fraudulent investigation of these officers." Section 2255 motion [DE-31] at unnumbered p. 5A.

The Government states in its motion that it is aware of only one such officer who "has been indicted for improprieties," that being Leon Oxendine, and that Oxendine was not involved in Dockery's investigation and prosecution. *See* Government's Memorandum [DE-39] at 4. In his Response [DE-44] to the instant motion, Dockery explains that some of the S.E.T. members who *were* involved in his case,[1] took orders from Oxendine, who at the time was the Chief of Police of Lumberton, North Carolina, and also was in charge of the S.E.T. team in that town. Dockery's theory for relief begins with a long-standing dispute between Oxendine and Anthony Andrews, another federal felon who was sentenced in this court on November 5, 2001, following his plea of guilty to distribution of at least five grams of cocaine base (crack). It

---

[1] Exhibits appended to Dockery's Response reflect that former Lumberton Police Officers James Jordan and Larry Williamson, among others, handled the confidential informant who bought drugs from Dockery, and that they conducted surveillance during controlled drug buys by the informant from Dockery.

5

apparently is Dockery's belief that the S.E.T. team members who investigated his case took orders from Oxendine, who had a "Street Beef" with Andrews, leading Oxendine to withhold evidence against Andrews' from Andrews' attorneys, which in turn resulted in the Assistant United States Attorney who prosecuted Andrews unwittingly to become "caught in the middle" of the Oxendine/Andrews tiff, all of which supports Dockery's position that he "knew that Leon Oxendine was crooked long ago. . . ." Response [DE-44] at 3. Dockery further points out that another S.E.T. officer involved in his case was convicted in state or federal court, and testified against Oxendine in this court. In summary, Dockery contends that even though the officers' fraud and perjury convictions arose from a different case, "even under the most casual connection [that conduct] cannot be overlooked due to the fact that "<u>one bad apple does spoil the whole bunch in this context</u>." (Emphasis in original).

Dockery's alarm is understandable in discovering that some of the law enforcement officers that investigated his case since have been convicted of crimes arising from other criminal investigations during the same time period in the same general geographic location. However, it nevertheless is incumbent upon Dockery to demonstrate some Government conduct that violated his own constitutional rights. It simply is not enough that law enforcement officers have been proved to have engaged in criminal conduct with regard to *other* investigations during the same time period. Under the circumstances Dockery sets forth, "one bad apple" is insufficient under the law governing this court's consideration of a summary judgment motion in a § 2255 case.

Finally, as the Government points out, Dockery pled guilty to the offense for which he was sentenced. He admitted his guilt under oath in open court. He was not sentenced for any drug quantity for which he admitted responsibility during a debriefing with Government

6

agents. The drug quantity that determined his base offense level under the then-mandatory Sentencing Guidelines was based solely on statements provided to investigators by another federal felon and a confidential informant, both of whom dealt directly with Dockery.

For the foregoing reasons, therefore, the Government's Motion for Summary Judgment also is ALLOWED as to Dockery's fourth claim, alleging that his guilty plea was unknowingly entered due to law enforcement officers' fraudulent and incredible information.

## SUMMARY

Because Dockery has failed to carry his burden to demonstrate that he can produce competent evidence supporting the elements of either of his remaining claims, the Government's Motion for Summary Judgment [DE-38] is ALLOWED, and this action is DISMISSED. Any other pending motions are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This ___1st___ day of ~~April~~ May, 2006.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge