IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:01-CR-46-BO
No. 7:12-CV-155-BO

| | | |
|---|---|---|
| CRAIG DOCKERY, | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. In his motion, petitioner, Mr. Dockery, contends that he should be resentenced in light of *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011) (en banc). The government has moved to dismiss Mr. Dockery's motion to vacate, and Mr. Dockery has failed to respond to the motion to dismiss.

## BACKGROUND

Mr. Dockery was sentenced by the Court on March 3, 2003, to a term of 210 months' imprisonment following his plea of guilty to a charge of distribution of not less than five grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Mr. Dockery filed a direct appeal, which was dismissed by order filed May 12, 2003. Mr. Dockery filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on May 3, 2004. That motion was dismissed by order granting the government's motion for summary judgment entered May 1, 2006. Mr. Dockery's appeal of that order was dismissed by the court of appeals on November 7, 2006.

Mr. Dockery subsequently filed two motions to discontinue his sentence, which the Court recharacterized on December 1, 2011, as petitions pursuant to 28 U.S.C. § 2255 and dismissed as second or successive. Mr. Dockery filed the instant § 2255 motion with the Court on June 4,

2012.

## DISCUSSION

In its motion to dismiss, the government contends, *inter alia*, that this Court is without jurisdiction to consider Mr. Dockery's claims. As Mr. Dockery has attacked the same judgment and conviction in an earlier § 2255 petition that was dismissed on the merits, the instant motion is a second or successive § 2255 petition. 28 U.S.C. § 2255(h). Absent pre-filing authorization from the court of appeals, this Court lacks jurisdiction to consider Mr. Dockery's second or successive motion. *Id.* ("second or successive motion must be certified . . . by a panel of the appropriate court of appeals); *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). Accordingly, the Court allows the government's motion to dismiss.

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484

(2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable or wrong, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss [DE 108] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 104] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 9 day of November, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3